IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**FILED**
June 2, 2014
Lyle W. Cayce
Clerk

No. 13-30801

CANDANCE KAGAN; MARY LACOSTE; JOYCELYN M. COLE, erroneously named as Jocelyn M. Cole; ANNETTE WATT,

                   Plaintiffs-Appellants

v.

CITY OF NEW ORLEANS, Louisiana,

                   Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana

Before REAVLEY, JONES, and GRAVES, Circuit Judges.[*]

REAVLEY, Circuit Judge:

  The City of New Orleans requires those who conduct tours for hire in the City to have a tour guide license. Four tour guides object to the license requirement on the ground that it violates their First Amendment rights and seek a declaratory judgment and injunction for relief. The district court granted summary judgment for the City, and we affirm.

  The New Orleans Code requires the license for a person to charge for tours to "the City's points of interest and/or historic buildings, parks or sites, for the purpose of explaining, describing or generally relating the facts of

---

[*] Judge Jones concurs in the judgment only.

importance thereto." To obtain the license, the applicant must pass an examination testing knowledge of the historical, cultural and sociological developments and points of interest of the city, must not have been convicted of a felony within the prior five years, pass a drug test, and pay a $50 fee when first applying or $20 when renewing after two years. Violators are subject to punishment by up to five months imprisonment and $300 in fines.

Reviewing the law facially, we see its purpose to be clear. The City wants to promote and protect visitors there as they see and enjoy all of the attractions of New Orleans; its history and sights on to its food and music. Conventions bring thousands there and often program tours of the city. To put it simply, New Orleans thrives, and depends, upon its visitors and tourists. For the benefit of those visitors the City identifies those tour guides who have licenses and are reliable, being knowledgeable about the city and trustworthy, law-abiding and free of drug addiction.

Without contesting that as the only purpose or effect of the law, plaintiffs seek to abolish the license and will thereby defeat the purpose. They urge the First Amendment freedom of speech as the problem. But no fault is found by the City in what tour guides do or say. They themselves want to speak and do the same. When a city exercising its police power has a law only to serve an important governmental purpose without affecting what people say as they act consistently with that purpose, how is there any claim to be made about speech being offended?

The district court of the District of Columbia decided in a similar case to go beyond that question to an intermediate scrutiny review with the same result. *Edwards v. District of Columbia*, 943 F. Supp. 2d 109, 118 (2013). So will we.

The First Amendment prevents government from restricting speech, unless it is unprotected as is obscenity and the promotion of violence. Laws

that restrict expression because of its content are reviewed by strict scrutiny, requiring that the government has narrowly tailored the content restriction to a compelling interest without other means to do so.  Plaintiffs insist on this strict scrutiny by arguing the New Orleans license law is content based.  And they cite cases all of which affect speech.  For example, their lead authority is *Holder v. Humanitarian Law Project*, 130 S. Ct. 2705, 2707 (2010), but that decision held that the law applied to conduct that triggered a message that provided material support to the terrorists in the form of speech.  *Id.* at 2724.  Whereas the New Orleans law in its requirements for a license has no effect whatsoever on the content of what tour guides say.  Those who have the license can speak as they please, and that would apply to almost any vocation that may be licensed.  Tour guides may talk but what they say is not regulated or affected by New Orleans.

The Supreme Court's opinion in *Ward v. Rock Against Racism*, 109 S. Ct. 2746 (1989) is instructive.  There the government had regulated sound, and the Court said that even with messages conveyed, the regulation is content-neutral so long as the regulation is justified without reference to content or speech.  *Id.* at 2754.  Because that regulation was content-neutral and only reviewed with intermediate scrutiny, it satisfied the requirement of narrow tailoring "so long as the…regulation promotes a substantial interest that would be achieved less effectively absent the regulation."  *Id.* at 2758 (quoting *United States v. Albertini*, 105 S. Ct. 2897, 2906 (1985)).  New Orleans, by requiring the licensees to know the city and not be felons or drug addicts, has effectively promoted the government interests, and without those protections for the city and its visitors, the government interest would be unserved.

The judgment of the district court upholding the constitutionality of the New Orleans licensing scheme for tour guides is affirmed.

AFFIRMED.